# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GEOFFREY SULESKI,** | ) |
| Plaintiff, | ) Case No.: ) |
| v. | ) **COMPLAINT AND DEMAND** ) **FOR JURY TRIAL** |
| **GENERAL MOTORS FINANCIAL COMPANY, INC. d/b/a GM FINANCIAL,** | ) ) ) ) |
| Defendant. | ) ) |

## **COMPLAINT**

GEOFFREY SULESKI ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GENERAL MOTORS FINANCIAL COMPANY, INC. d/b/a GM FINANCIAL ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## **PARTIES**

4. Plaintiff is a natural person, who resides in Delevan, New York 14042.

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6. Defendant is a corporation with its headquarters located 801 Cherry Street, Ste. 3500, Fort Worth, Texas 76102.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

9. Plaintiff has a cellular telephone number that he has had for at least one year.

10. Plaintiff has only used this number as a cellular telephone number.

11. Beginning in or around June 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

12. During the relevant period, Defendant called Plaintiff on his cellular telephone multiple times per day.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages.

14. Plaintiff often would answer a call to be greeted with an automated recording before speaking to callers or receive voice messages from an automated voice.

15. Defendant's telephone calls were not made for "emergency purposes" since Defendant has been calling Plaintiff regarding the balance on his auto loan.

16. Shortly after the calls began in the summer 2015, Plaintiff spoke with Defendant and requested that the calls stop immediately.

17. Defendant heard and acknowledged Plaintiff's request by hanging up

when he repeatedly told Defendant to cease calling.

18. Despite Plaintiff's clear revocation of consent to call his cellular phone, Defendant persisted in calling Plaintiff multiple times each day on his cellular telephone through June 2016.

19. After Plaintiff's repeated requests to stop the calls were ignored by Defendant, he had no other option but to install a blocking application to block calls from Defendant's phone numbers.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

22. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent as he revoked consent during the summer of 2015.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, GEOFFREY SULESKI, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GEOFFREY SULESKI, demands a jury trial in this case.

                                          Respectfully submitted;

DATED:  June 24, 2016       By:  /s/ Craig Thor Kimmel
                                                Craig Thor Kimmel
                                                Kimmel & Silverman, P.C.
                                                1207 Delaware Avenue, Suite 440,
                                                Buffalo, NY 14209
                                                Phone: (716) 332-6112
                                                Fax: (877) 788-2864
                                                Email: kimmel@creditlaw.com